IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUZANA VANGJELI** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 15-1566** |
| **v.** | : | |
| | : | |
| **CITY OF PHILA, FREE LIBRARY, and** | : | |
| **HR's** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    SEPTEMBER 30, 2015

# MEMORANDUM OPINION

**INTRODUCTION**

On April 7, 2015, Suzana Vangjeli ("Plaintiff"), acting *pro se,* filed a discrimination complaint against the City of Philadelphia ("City"), the Free Library of Philadelphia ("Free Library"), and "HR's" (collectively, "Defendants"), alleging gender bias in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"),[1] and discriminatory conduct by Defendants for failure to promote and/or stop harassment, unequal terms and conditions of employment, and retaliation, as these charges related to her employment as a seasonal municipal guard at the Free Library. [ECF 3].

On June 24, 2015, Defendant City filed a *motion to dismiss* pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 5], which Plaintiff has opposed. [ECF 9, 10]. The motion is presently before this Court having been fully briefed and is ripe for disposition. For the reasons set forth herein, Defendant City's motion to dismiss is granted.

---

[1] Title VII of the 1964 Civil Rights Act makes it unlawful for an employer "to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment . . . or . . . to limit . . . or classify his employees . . . in any way which would deprive . . . any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex. . . ." 42 U.S.C. § 2000e–2(a)(1)–(2).

**BACKGROUND**

When considering a motion to dismiss, a court must accept, as true, all relevant factual allegations in the plaintiff's complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The relevant allegations gleaned from Plaintiff's form complaint and the exhibits attached thereto are construed as follows:

> On April 8, 2010, Plaintiff was hired as a seasonal municipal guard to work at the Holmesburg and Torresdale branches of the Free Library, selected "from the Correctional Officer Trainne [sic] active list," despite that "[four] full time positions were available." (Compl. ¶ II. E.; *see also* August 7, 2014 Letter). In October 2011, while still a seasonal municipal guard, Plaintiff discovered that the Bustleton and Lawncrest Free Library branches hired two male full-time municipal guards. (*Id.*).

> Plaintiff further alleges that in December 2012, she filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ III. A.; *see also* January 14, 2015 letter).[2] On June 21, 2013, the Philadelphia Commission on Human Relations ("PCHR") issued a dismissal and notice of rights for Plaintiff's PCHR Complaint No. E1306156, and indicated that the matter before it was closed because "the facts alleged in the complaint fail to state a claim over which the PCHR has enforcement authority because [she] waited too long after the date(s) of the alleged discrimination to file the complaint. . . ." (*See* June 21, 2013 Dismissal and Notice of Rights). The notice advised Plaintiff of her right to file a lawsuit in the Philadelphia Court of Common Pleas within two years, and/or request within fifteen days of receipt of the notice the EEOC to review her charge.

> On October 13, 2014, Plaintiff filed requests with the PCHR for administrative release (right-to-sue) in the Court of Common Pleas of Philadelphia County for PCHR Charge No. E4026397/EEOC Charge No. 17G-2014-00101C and PCHR Charge No. E3116337/EEOC Charge No. 17G-2014-00031C. Both of these charges/claims apparently relate to the purported discrimination that took place in October 2011.

---

[2] It appears that Plaintiff filed more than one claim with the EEOC and the Philadelphia Commission on Human Relations ("PCHR") related to the purported discrimination; *to wit*: (1) EEOC Charge No. 17G20130007, filed on December 10, 2012; (2) PCHR Charge No. E4026397/EEOC Charge No. 17G201400101; and (3) PCHR Charge No. E3116337/EEOC Charge No. 17G201400031. The complaint does not indicate when Plaintiff filed the two subsequent charges.

Procedurally, on February 10, 2015, Plaintiff received right-to-sue letters with respect to EEOC Charge Nos. 17G201400101 and 17G-201400031.[3] On March 26, 2015, Plaintiff filed an application to proceed in this court *in forma pauperis*, and attached a form complaint, [ECF 1], which was granted on April 7, 2015. [ECF 2, 3]. On June 24, 2015, Defendant City filed the instant motion to dismiss. [ECF 5]. On July 29, 2015, and August 3, 2015, Plaintiff filed responses to the motion to dismiss. [ECF 9, 10].

## LEGAL STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'") (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Bell Atlantic*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

---

[3] Although *Exhaustion of Administrative Remedies* in section III. B. of Plaintiff's complaint indicates that the EEOC "has not issued a Notice of Right to Sue Letter," Plaintiff attaches these letters to her form complaint. This Court can discern no dates as to when Plaintiff requested review from the EEOC per the PCHR Dismissal and Notice of Rights, which indicated that she had 15 days from June 21, 2013, to do so.

In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, and may consider matters of public record and undisputedly authentic documents if the complainant's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A court can also consider "an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d Cir. 1999).

In addition, "a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Foster v. Denenberg*, 2014 WL 1370116, at *2 (E.D. Pa. Apr. 8, 2014), *aff'd*, 2015 WL 3605656 (3d Cir. June 10, 2015) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). "When presented with a *pro se* litigant, [the Court has] a special obligation to construe [the] complaint liberally." *Higgs v. Attorney General of the United States,* 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). "Thus, even if a *pro se* plaintiff's claims are not set out in the clearest fashion, the Court is obligated to discern all the possible claims that the Plaintiff may be alleging." *Thomas–Warner v. City of Phila.,* 2011 WL 6371956, at *4 (E.D. Pa. Dec. 20, 2011). However, in doing so the Court still determines whether a *pro se* plaintiff has alleged sufficient facts to support the claims divined from the pleadings. As stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "Although the Court must accept well-pleaded facts as true, it need not credit bald assertions or legal conclusions." In *re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429 (3d Cir. 1997).

**DISCUSSION**

In its motion to dismiss, Defendant City argues that Plaintiff's complaint should be dismissed in its entirety because: (1) the Free Library is not an entity that can be sued, and Title VII does not support individual liability; (2) the discrimination claims are time-barred, and Plaintiff has failed to alleged that she administratively exhausted the retaliation and harassment claims; and (3) even if her claims were procedurally sufficient, Plaintiff failed to allege plausible claims of discrimination, retaliation, and harassment under Title VII. This Court agrees and will address these arguments in turn.

*Claims Against the Free Library of Philadelphia and "HR's"*

In the complaint, Plaintiff identified the "City of Philadelphia HR" and "Free Library HR" as Defendants. (*See* Compl. ¶ I. B.). As correctly argued by Defendant City, statutorily, no department or agency of the City of Philadelphia "shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions . . . shall be in the name of the city of Philadelphia." 53 Pa. C.S.A. § 16257 (West 1998); *see also Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Here, the Free Library is an agency of the City of Philadelphia. Under the statute above-cited, any civil action against the Free Library must be brought in the name of the City of Philadelphia. Therefore, consistent with 52 Pa. C.S.A. § 16257, the motion to dismiss is granted as to the Free Library.

Likewise, City of Philadelphia HR and Free Library HR are departments within agencies and cannot be sued. However, to the extent Plaintiff's complaint against "HR's" relates to individual employees in the human resources department, *albeit* unnamed, Plaintiff's Title VII claims against these unnamed individuals are also dismissed because Title VII does not recognize an individual employee's liability. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (Congress did not intend to hold individual employees liable under Title VII); *see also Barnett v. New Jersey Transit Corp.*, 573 F. App'x 239, 242 n.3 (3d Cir. 2014) (citing *Sheridan*, 100 F.3d at 1077-78); *Youssef v. Dep't of Health & Senior Servs.*, 423 F. App'x 221, 224 (3d Cir. 2011).

### Title VII Claims

Defendant City further argues that Plaintiff's Title VII discrimination claims of non-selection to full-time position, retaliation, and harassment, are time-barred or, in the alternative, should be dismissed because Plaintiff has failed to administratively exhaust these claims.

With respect to the statute of limitation argument, to file a suit under Title VII a plaintiff must file a charge with the EEOC within 300 days *after* the unlawful practice or the suit is time-barred. *Bartos v. MHM Correctional Services, Inc.*, 454 F. App'x 74, 77 (3d Cir. 2011) (citing *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 109-10 (2002) (emphasis in original)); *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010), *as amended* (Oct. 18, 2010) (citing 42 U.S.C. § 2000e–5(e)(1); *Mikula v. Allegheny County of PA,* 583 F.3d 181, 183 (3d Cir. 2009)). In a state that has an entity with the authority to grant or seek relief from the alleged unlawful employment practice, an employee who initially files a grievance with said agency must file charge(s) with the EEOC within 300 days of the alleged unlawful employment practice. In all other instances, the charge to the EEOC must be filed within 180 days of the unlawful

employment practice. Therefore, a claim is time-barred if it is not filed within the specific time limits. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 109; *Bartos*, 454 F. App'x at 77 n.1; *see also* 42 U.S.C. § 2000e–5(e)(1) ("in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier. . . ."). Because Pennsylvania has charged the PCHR with hearing discrimination claims, the 300-day deadline is applicable. *Bartos*, 454 F. App'x at 77 n.1. The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, and avoid unnecessary action in court. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).

Here, Plaintiff alleges that she learned of Defendants' discriminatory action of hiring two male full-time municipal guards sometime in October 2011. Plaintiff filed her first complaint with the EEOC on December 10, 2012. Assuming Plaintiff learned of the alleged discriminatory action at the latest on October 31, 2011, more than 400 days transpired between her knowledge of the alleged unlawful employment practice and her EEOC filing. Regardless of whether the 180- or 300-day EEOC deadline applied, both deadlines had come and gone long before Plaintiff filed her initial discrimination complaint.

With respect to Defendant City's contention that Plaintiff had failed to administratively exhaust her claims of retaliation and harassment, it appears from the denial letters attached to the complaint that Plaintiff had not alleged that she was subjected to retaliation or harassment by any Defendant in any administrative complaint filed against any Defendant. These letters support